**Rosa Lilian MARTINEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70564.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 16, 2007.

Theodore A. Mahr, Esq., Moses Lake, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Mark L. Gross, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Karla J. Dobinsky, U.S. Department of Justice,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Special Litigation Section, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

### MEMORANDUM **

Rosa Lilian Martinez, a Salvadoran native and citizen, petitions for review of a decision by the Board of Immigration Appeals. The Board dismissed Martinez's appeal from the Immigration Judge's ("IJ") denial of an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The Board summarily affirmed the Immigration Judge's ("IJ") oral decision without opinion. We review the IJ's decision as the final agency action. *See Lanza v. Ashcroft,* 389 F.3d 917, 925 (9th Cir.2004). We review whether the IJ's conclusion that an applicant is ineligible for relief is supported by substantial evidence. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1185 (9th Cir.2006). We will grant the petition only if the evidence compels a contrary conclusion. *Id.*

Substantial evidence supports the IJ's conclusion that the guerillas who accosted Martinez were not motivated by one of the five protected statutory grounds. *See* 8 U.S.C. § 1158(b)(1); *see also Ochave v. INS,* 254 F.3d 859, 865–66 (9th Cir.2001) (guerillas imputed no political opinion to rape victim).

Substantial evidence supports the IJ's additional conclusion that Martinez failed to demonstrate a well-founded fear of per-

secution upon removal to El Salvador. *See Castillo v. INS,* 951 F.2d 1117, 1122 (9th Cir.1991) (no well-founded fear where petitioner remained in Nicaragua for five years after persecution without further contact from guerillas).

Because Martinez is ineligible for asylum, she necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Martinez's claim for CAT relief also fails. She has not shown that it is more likely than not that she will be tortured if she returns to El Salvador. *See Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.